THE STATE OF NEW JERSEY, PLAINTIFF, v. COSNAT DIS-
TRIBUTING CORPORATION, DEFENDANT.

THE STATE OF NEW JERSEY, PLAINTIFF, v. CHARLES
GOLDBERG, DEFENDANT.

Essex County Court
Law Division

Decided September 26, 1958.

*Mr. Vincent P. Torppey,* attorney for plaintiff (*Mr. Jacob M. Goldberg,* appearing).

*Messrs. Budd, Lerner & Kent,* attorneys for defendants (*Mr. Samuel A. Lerner,* appearing.

COLIE, J. S. C. (temporarily assigned). The defendants, Cosnat Distributing Corporation and Charles Goldberg, appeal to this court from convictions before the Municipal Court of the City of Newark after trial on August 14, 1958. The defendants were convicted on a complaint as to the corporate defendant that it "did knowingly sell indecent records at 415 Halsey St., Newark, in violation of Section 20.19 of the Revised Ordinances of the City of Newark, N. J.," and the individual defendant on a complaint that he "did knowingly sell indecent records (at 415 Halsey Street, Newark) in violation of Section 20.19 of the Revised Ordinances of the City of Newark, N. J." The ordinance under which the convictions were imposed reads as follows:

"Section 20.19—Obscene, etc., books, pictures, etc.

"No person shall distribute, circulate or sell, utter or expose to view or have in his possession with the intent to utter or expose to view any obscene picture, play, pamphlet or book.

"No person shall import, publish, sell, distribute or circulate any book, play, pamphlet, ballad, printed paper or other thing which is obscene, indecent or impure, or manifestly tends to corrupt the morals of youth; or an obscene, indecent or impure print, picture, figure, image or description, manifestly tending to corrupt the morals of youth; or introduce into a family, school or place of education or buy, procure, receive or have in his possession any book, pamphlet, ballad, printed paper, obscene, indecent or impure print, picture, figure, image or other thing, either for the purpose of sale, exhibition, loan or circulation or with intent to introduce the same into a family, school or place of education. (6–3–36, Secs. 1, 2.)"

On the hearing of the appeal, it was conceded that the corporate defendant, by its agent, Goldberg, sold, on May 2, 1958, a record entitled "Nipsey Russell Presents Borderline Records," which was played in open court.

Two grounds of appeal are urged—one, that the record in question is not obscene, indecent or impure. As to this,

the court finds that it is obscene, indecent and impure, and falls squarely within the language in *Adams Theatre v. Keenan,* 12 *N. J.* 267, 272 (1953), in that the dominant note is "dirt for dirt's sake only, smut and inartistic filth."

The second question goes to whether the language of the second paragraph of section 20.19 of the above quoted ordinance can fairly be said to encompass the sale of a phonograph record. It is said that the language "no person shall * * * sell * * * any book, play, pamphlet, ballad, printed paper or other thing which is obscene, indecent or impure" is broad enough to support this conviction. It is obvious that the language of the ordinance refers specifically to matter which is conveyed by vision, whereas the harmful effect of the phonograph record is dependent upon the auditory sense, not the visual sense. In the wording of the ordinance, the phrase "or other thing" follows directly after the words "book, play, pamphlet, ballad, printed paper." It is not separated therefrom by any punctuation and therefore it would seem that applying the rule of *ejusdem generis,* the phrase "or other thing" takes on the character and attributes of the five categories immediately preceding it, each of which refers to matter received through vision.

This court is reluctant to expand, by judicial interpretation, the language of the ordinance to conduct which the framers thereof might have barred, but did not.

The complaints herein are dismissed.